**MICHAEL P. DENEA, PLC**
P.O. BOX 1095
AVONDALE, ARIZONA  85323
TELEPHONE:  602-794-4480
FACSIMILE:  602-794-4481
EMAIL: docket@mpdlawfirm.net

Michael P. Denea (014768)
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>             Plaintiff,<br><br>     vs.<br><br>Ricardo Jose Loredo,<br><br>             Defendant. | Case No.: CR25-00726-PHX-DJH<br><br>**DEFENDANT'S SENTENCING MEMORANDUM**<br><br>Sentencing: February 24, 2026<br>Time: 1:30 p.m.<br>Courtroom: 605<br>The Honorable Diane J. Humetewa |

Defendant Ricardo Jose Loredo, through counsel, respectfully submits this Sentencing Memorandum pursuant to 18 U.S.C. § 3553(a).

For the reasons set forth below, Mr. Loredo respectfully requests a sentence at the low end of the properly calculated guideline range, or alternatively a downward variance to a sentence sufficient but not greater than necessary to comply with the purposes of sentencing.

**I. THE OFFENSE OF CONVICTION**

Mr. Loredo pleaded guilty to False Statement During the Purchase of a Firearm, in violation of 18 U.S.C. § 924(a)(1)(A).

The conduct involved providing a deceptive residential address on ATF Form 4473 during firearm purchases occurring between May and August 2024.

This is not a trafficking conviction.

-1-

MICHAEL P. DENEA, PLC
P.O. BOX 1095
AVONDALE, ARIZONA 85232
602 794-4480

It is not a violent offense.

It is not a conspiracy case.

The offense before the Court is a false statement offense. The sentence imposed should be proportionate to that conduct.

## II. HISTORY AND CHARACTERISTICS OF THE DEFENDANT

### A. Pretrial Supervision and Marijuana Testing

The Presentence Report reflects that Mr. Loredo's first three drug tests during pretrial release — May 28, June 18, and July 22, 2025 — were positive for marijuana.

Mr. Loredo acknowledges those positive results. He does not dispute them and does not minimize them.

Equally important, however, is what followed.

Between August 1, 2025, and January 6, 2026, Mr. Loredo submitted seven consecutive drug tests that were negative for marijuana and all other substances.

The record shows:

- Early violations;

- Followed by sustained compliance;

- With no further positive results.

That pattern reflects correction, not escalation.

The Court is not faced with a defendant who ignored supervision. The Court is faced with someone who adjusted his behavior and demonstrated the ability to comply moving forward.

### B. Temporal Context of Drug Use

The firearm purchases occurred between May and August 2024.

The positive marijuana tests occurred in May–July 2025 — nearly one year later.

There is scant evidence in the record establishing ongoing marijuana use during the purchase period in 2024.

The timing distinction matters. Subsequent marijuana use during pretrial supervision in 2025 does not establish that Mr. Loredo was a prohibited person at the time of the offense conduct in 2024, nor does his casual use during the period of the

offense establish that he was a prohibited person.

## C. Employment and Professional Reputation

Mr. Loredo's professional references consistently describe him as reliable and hardworking.

Waylon Hornbeck states that Mr. Loredo consistently showed up to work with enthusiasm, earned positive reviews, and was respectful and dependable.

Caroline Yeghyayan, Community Manager, worked with Mr. Loredo for two years and describes him as exceptionally hardworking, reliable, accountable, and capable of leadership and independent responsibility.

These are professional assessments based on daily observation.

## D. Family Responsibilities

Annabell Loredo, his sixteen-year-old niece who lived with him for years, describes him as present, supportive, and patient, and acknowledges that she has witnessed his growth and seriousness regarding this matter.

Mariana Loredo, his wife, describes him as the backbone of their household and a devoted father to their children.

Across both family and professional contexts, the same characteristics emerge:

- Responsibility
- Stability
- Commitment to family
- Capacity for growth

## III. PROPORTIONALITY AND THE SCOPE OF CONDUCT

The Presentence Report references firearms later recovered in criminal investigations, including recoveries in Mexico and unrelated crimes.

There is no evidence that Mr. Loredo:

- Participated in violent conduct;
- Directed criminal activity;
- Intended that any firearm be used unlawfully.

MICHAEL P. DENEA, PLC
P.O. BOX 1095
AVONDALE, ARIZONA 85232
602 794-4480

Section 3553(a) requires the Court to impose a sentence based on the conduct of conviction and proven relevant conduct — not speculative downstream actions of unknown third parties.

Inflating the sentence based on unproven consequences would exceed what is necessary to accomplish the purposes of sentencing.

## IV. APPLICATION OF THE §3553(a) FACTORS

1. Nature and Circumstances of the Offense

This offense involves deceptive address reporting on federal forms. It does not involve violence, threats, or possession by a convicted felon under disability.

2. History and Characteristics

Mr. Loredo has demonstrated:

- Employment stability
- Strong family ties
- Community support
- Corrective compliance after early supervision violations

3. The Need for the Sentence Imposed

The sentence must:

- Reflect seriousness;
- Promote respect for the law;
- Provide just punishment;
- Afford deterrence.

A lengthy custodial sentence is not necessary to deter a paperwork-based offense where the defendant has shown accountability and behavioral correction.

4. Deterrence

General deterrence is achieved through federal prosecution and conviction.

Specific deterrence is supported by Mr. Loredo's demonstrated course correction during supervision.

MICHAEL P. DENEA, PLC
P.O. BOX 1095
AVONDALE, ARIZONA 85232
602 794-4480

-4-

MICHAEL P. DENEA, PLC
P.O. BOX 1095
AVONDALE, ARIZONA 85232
602 794-4480

5.  Avoiding Unwarranted Disparities

Sentences for § 924(a)(1)(A) false statement offenses — absent trafficking convictions — commonly fall at or near the low end of the guideline range.

A sentence substantially above that would create disparity inconsistent with §3553(a)(6).

## V. ACCEPTANCE OF RESPONSIBILITY

Mr. Loredo pleaded guilty and has not engaged in obstructive conduct.

While he initially violated drug testing conditions, he corrected that conduct and thereafter complied fully.

That trajectory reflects accountability and the ability to conform his conduct to the law.

## VI. A SENTENCE SUFFICIENT BUT NOT GREATER THAN NECESSARY

Mr. Loredo stands before the Court as:

- A non-violent defendant;
- A working member of the community;
- A husband and father;
- A defendant who accepted responsibility;
- A person who corrected early supervision mistakes.

The goals of sentencing can be achieved through a low-end guideline sentence or a modest downward variance.

A sentence greater than necessary would not advance public safety and would exceed what §3553(a) requires.

## VII. CONCLUSION

For the foregoing reasons, Mr. Loredo respectfully requests that this Court impose a sentence at the low end of the properly calculated guideline range, or alternatively a downward variance consistent with 18 U.S.C. § 3553(a).

Respectfully submitted on February 13, 2026.

MICHAEL P. DENEA, PLC

/s/Michael P. Denea
PO Box 1095
Avondale, Arizona 85323
Attorney for Defendant

MICHAEL P. DENEA, PLC
P.O. BOX 1095
AVONDALE, ARIZONA  85232
602 794-4480

-6-

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of February, 2026, I electronically transmitted the foregoing Defendant's Sentencing Memorandum to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants in this matter.


*/s/Eddie Khnanisho*
Eddie Khnanisho
P.O. Box 1095
Avondale, Arizona 85323
Paralegal for Michael P. Denea PLC

MICHAEL P. DENEA, PLC
P.O. BOX 1095
AVONDALE, ARIZONA 85232
602 794-4480

-7-