MICHAEL P. DENEA, PLC
P.O. BOX 1095
AVONDALE, ARIZONA 85323
TELEPHONE: 602-794-4480
FACSIMILE: 602-794-4481
EMAIL: docket@mpdlawfirm.net

Michael P. Denea (014768)
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>Plaintiff,<br>vs.<br>Ricardo Jose Loredo,<br>Defendant. | Case No.: CR25-00726-PHX-DJH<br>**DEFENDANT'S OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT (Fed. R. Crim. P. 32(f))** |

Defendant Ricardo Jose Loredo, through counsel, respectfully submits the following objections to the Presentence Investigation Report ("PSR").

These objections address factual characterizations and guideline calculations that materially affect the advisory range.

**I. OBJECTION TO BASE OFFENSE LEVEL OF 20 UNDER U.S.S.G. § 2K2.1(a)(4)(B)**

Paragraph 23 assigns a base offense level of 20 pursuant to U.S.S.G. § 2K2.1(a)(4)(B), stating:

- The offense involved a semiautomatic firearm capable of accepting a large capacity magazine; and



MICHAEL P. DENEA, PLC
P.O. BOX 1095
AVONDALE, ARIZONA 85232
602 794-4480

MICHAEL P. DENEA, PLC
P.O. BOX 1095
AVONDALE, ARIZONA 85232
602 794-4480

- The defendant was a prohibited person at the time he committed the instant offense based on marijuana use.

Section 2K2.1(a)(4)(B) applies only if both elements are satisfied. The guideline is conjunctive. If either element is not met, the base offense level of 20 does not apply.

Defendant does not concede the applicability of § 2K2.1(a)(4)(B), but specifically objects to the finding that he was a prohibited person at the time of the offense.

**A. Temporal Nexus Requirement**

The charged offense conduct occurred between June 3, 2023, and August 20, 2024.

The PSR relies on three positive marijuana tests dated May 28, June 18, and July 22, 2025 — nearly one year after the final firearm purchase.

Section 2K2.1(a)(4)(B) requires that the defendant be a prohibited person "at the time the defendant committed the instant offense."

To qualify as an "unlawful user" under 18 U.S.C. § 922(g)(3), courts require proof that:

- Drug use was regular and ongoing; and
- The drug use was contemporaneous with firearm possession.

The PSR cites no positive drug tests during the 2023–2024 purchase period, no admission of contemporaneous use tied to the firearm purchases, and no independent evidence establishing marijuana use during the relevant period.

Subsequent marijuana use during pretrial supervision in 2025 does not retroactively establish prohibited status in 2024.

Because the prohibited-person element is not established for the time of the

MICHAEL P. DENEA, PLC
P.O. BOX 1095
AVONDALE, ARIZONA 85232
602 794-4480

offense, § 2K2.1(a)(4)(B) does not apply, regardless of the firearm characteristic.

Accordingly, the base offense level should be calculated under § 2K2.1(a)(7).

**B. Clarification of Marijuana History**

The PSR notes that Defendant reported using marijuana occasionally through March 2025.

Defendant does not dispute his reported history or the three early positive pretrial tests.

However:

- Seven consecutive drug tests between August 1, 2025, and January 6, 2026, were negative;
- There is no ongoing marijuana use during the charged firearm purchase period.

The record reflects early supervision violations followed by sustained compliance — not ongoing unlawful-user status at the time of the offense conduct.

**II. OBJECTION TO FIREARM QUANTITY ENHANCEMENT – § 2K2.1(b)(1)(B)**

Paragraph 24 assigns a six-level enhancement based on 69 firearms.

Defendant objects to the blanket aggregation of all 69 firearms without an individualized relevant conduct analysis under U.S.S.G. § 1B1.3.

The offense of conviction is a false statement on Form 4473 (Count 2). The PSR assumes that all purchases between June 2023 and August 2024 constitute relevant conduct.

The guideline requires proof that additional acts were part of the same course of

MICHAEL P. DENEA, PLC
P.O. BOX 1095
AVONDALE, ARIZONA 85232
602 794-4480

conduct or common scheme or plan.

Defendant objects to the automatic attribution of all 69 firearms without specific findings supporting that conclusion.

**III. OBJECTION TO IMPLIED TRAFFICKING CHARACTERIZATION**

Although no trafficking enhancement was applied, the PSR narrative repeatedly references:

- Firearms recovered in Mexico; and
- A firearm later used in a tragic accidental child death.

The PSR itself acknowledges:

"There is no concrete evidence to show the defendant knew Ramos-Jimenez was a prohibited possessor, the firearms would be taken to Mexico, or the firearms would be disposed of unlawfully."

Defendant objects to any characterization suggesting intent to traffic firearms or facilitate violent crime where the PSR expressly acknowledges the absence of proof.

The offense of conviction is false statement — not trafficking.

**IV. OBJECTION TO RECOMMENDED SENTENCE JUSTIFICATION**

The Sentencing Recommendation section states that Defendant's conduct "contributed to the death of a 5-year-old child."

Defendant acknowledges the tragedy and does not minimize the loss of life.

However, the PSR also confirms:

- No evidence establishes that he knew Ramos-Jimenez was a prohibited possessor;

MICHAEL P. DENEA, PLC
P.O. BOX 1095
AVONDALE, ARIZONA 85232
602 794-4480

- No evidence establishes that he intended the firearm be used unlawfully.

Attributing the child's death to Defendant as a sentencing justification exceeds the offense of conviction and lacks any finding of proximate cause, knowledge, or intent.

Defendant objects to the characterization that his conduct "contributed" to the death in a manner warranting enhanced punishment beyond the offense of conviction.

**V. ACCEPTANCE OF RESPONSIBILITY**

The PSR properly awards the full three-level reduction under § 3E1.1.

Defendant does not object to that calculation and respectfully requests that the Court adopt it.

**VI. CONCLUSION**

Defendant respectfully requests that the Court:

1. Decline application of the base offense level under § 2K2.1(a)(4)(B);
2. Reevaluate the six-level firearm enhancement;
3. Strike or clarify narrative language suggesting trafficking intent or causal responsibility for unrelated violent conduct; and
4. Impose a sentence consistent with the properly calculated advisory range.

Respectfully submitted on February 13, 2026.

MICHAEL P. DENEA, PLC

/s/Michael P. Denea
P.O. Box 1095
Avondale, Arizona 85323
Attorney for Defendant

MICHAEL P. DENEA, PLC
P.O. BOX 1095
AVONDALE, ARIZONA 85232
602 794-4480

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of February, 2026, I electronically transmitted the foregoing Defendant's Objections to Presentence Investigation Report to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants in this matter.

I further certify that on this same date, a copy of the foregoing was transmitted via electronic mail to:

Meredith L. Fast
U.S. Probation Officer
Meredith_Fast@azd.uscourts.gov

*/s/Eddie Khnanisho*
Eddie Khnanisho
P.O. Box 1095
Avondale, Arizona 85323
Paralegal for Michael P. Denea PLC