TIMOTHY COURCHAINE
United States Attorney
District of Arizona

JOSEPH E. KOEHLER
Assistant U.S. Attorney
Arizona State Bar No. 013288
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: Joe.Koehler@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-25-00726-001-PHX-DJH |
|---|---|
| Plaintiff, | |
| vs. | **RESPONSE TO OBJECTIONS TO THE PRESENTENCE REPORT** |
| Ricardo Jose Loredo, | |
| Defendant. | |

The United States, through undersigned counsel, respectfully responds in opposition to Defendant Ricardo Loredo's objections to the presentence report. First, Loredo's admissions of previous regular marijuana use, corroborated by his later positive drug tests, are sufficient to establish his status as a regular, unlawful user of marijuana. This in turn qualifies Loredo as a prohibited possessor under 18 U.S.C. § 922(g)(3) and justifies application of U.S.S.G. § 2K2.1(a)(4). Next, Loredo's firearm purchases using a false address substantially exceed the threshold of 25 firearms that triggers the upward adjustment in U.S.S.G. § 2K2.1(b)(1)(C). Loredo's objection to the "implied trafficking characterization" does not impact the guideline application, and the presentence report accurately describes the various firearm recoveries and the death of a young girl resulting from a firearm Loredo purchased and transferred to a prohibited possessor. Moreover, the

sentencing justification language in the PSR is appropriate; it is merely a recommendation that accurately describes the factual background of the case and is not binding on the Court.

## I.   The PSR Appropriately Begins at Base Offense Level 20

The PSR begins the Sentencing Guidelines calculation at Level 20 based on Loredo's status as an unlawful user of a controlled substance at the time of at least a portion of his unlawful firearms purchases and the fact that at least one of the firearms was capable of accepting a large capacity magazine. Loredo does not dispute that the rifles he purchased were sold with large capacity magazines. *See* PSR ¶ 16; Doc. 27 at 1-3. Rather, he contends he does not qualify as a regular, unlawful user of a controlled substance during the time he was unlawfully purchasing firearms. Doc. 27 at 1-3.

Loredo correctly notes the government must establish he "took drugs with regularity, over an extended period of time, and contemporaneously with his purchase or possession of a firearm." *United States v. Purdy*, 264 F.3d 809, 812-13 (9th Cir. 2001) (18 U.S.C. § 922(g)(3) not unconstitutionally vague); Doc. 27 at 2. Notably, neither § 922(g)(3) nor *Purdy* say anything about the need for a *connection* between the drug use and firearms possession.

Loredo admitted in two separate interviews that "he used marijuana beginning as early as age 17 and last used Marijuana in 2025." PSR ¶ 16. Loredo further admitted he "smoked marijuana occasionally or every two weeks" during that period. *Id*. Corroborating those admissions, Loredo "tested positive for marijuana on his first three urinalyses [] on pretrial release." *Id*. In light of this, Loredo clearly qualifies as a regular user of marijuana, a controlled substance under federal law. *See* 21 U.S.C. § 812; 21 C.F.R. Part 1308 (cannabis now listed in Schedule I and listed in Schedule II prior to December 11, 2025).

The period of Loredo's regular use of marijuana, from roughly age 17 through the beginning part of 2025, fully encompasses the time period in which he was purchasing firearms and falsely stating his address on Form 4473 (June 2023 to August 2024). Therefore, he qualified as an unlawful user of controlled substances at the time of his firearms purchases and the base offense level in U.S.S.G. § 2K2.1(a)(4) is appropriate.

**II.    Loredo Made False Statements About His Address in Connection with the Purchase of at Least 25 Firearms**

The PSR correctly attributes 69 firearms to Loredo. *See* U.S.S.G. § 1B1.3(a)(1)(A) (relevant conduct includes all "acts and omissions committed . . . by the defendant"). The chart in the presentence report (¶ 16) accurately represents the full list of firearms purchases Loredo made in which he misrepresented his address. *See* Exhibit 1. For two of the purchases, on June 3, 2023, and October 7, 2023, Loredo appears to have correctly identified his address on Purdue Avenue in Glendale, Arizona. The remaining 67 purchases, however, all listed the false address on Gladiola Avenue in Douglas, Arizona. This number substantially exceeds the threshold of 25 firearms required to trigger the upward adjustment in U.S.S.G. § 2K2.1(b)(1)(C). Therefore, the presentence report appropriately includes an upward adjustment of six levels pursuant to § 2K2.1(b)(1)(C).

**III.    The Non-Guideline-Relevant Language in the Presentence Report is Appropriate**

As noted above, the language Loredo describes as an "implied trafficking characterization" does not impact the guideline application. Therefore, the Court need not rule on whether inclusion of this language is appropriate. That said, the presentence report accurately describes the various firearm recoveries in Mexico and in the United States. It further accurately describes the death of a young girl that resulted from a firearm Loredo purchased and later transferred to a prohibited possessor. The presentence report does not allege any intent on Loredo's part for the guns to have ended up in Mexico or to be used in connection with criminal conduct; it merely notes the fact that those things occurred.

Similarly, the sentencing justification language in the PSR is merely a recommendation from United States Probation that accurately describes the factual background of the case to justify the recommended sentence. It is not binding on the Court and need not be modified for the Court to impose an appropriate sentence in this case.

- 3 -

## IV.    Conclusion

Because the Presentence Report accurately accounts for Loredo's conduct in this case, the government respectfully requests the Court overrule Loredo's objections to the Presentence Report.

Respectfully submitted this 20 day of February 2026.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

*/s Joseph E. Koehler*

JOSEPH E. KOEHLER
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on the 20 day of February 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and that true and accurate copies have been transmitted electronically to counsel for the defendant via the ECF system.

**Michael Denea, Attorney for Defendant**

By: */s Joseph E. Koehler*
Joseph E. Koehler
Assistant U.S. Attorney

- 4 -